IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV861

ROBERT C. BARCHIESI and LEJLA )
HADZIC, Individually and in a )
representative capacity on behalf of a )
class of all persons similarly situated, )
)
Vs. ) ORDER
)
CHARLOTTE SCHOOL OF LAW, LLC, )
and INFILAW CORPORATION, )
)
       Defendants. )
_____ )

This matter is before the Court upon Defendants' Motion to Consolidate Merits Discovery in this case with merits discovery in two other closely related putative class actions pending in this Court, *Krebs v. CSL*, Case No. 3:17-cv-00190, and *Levy v. CSL*, Case No. 3:17-CV-00026-GCM. While the *Krebs* and *Levy* Plaintiffs have no objection to Defendants' motion, the *Barchiesi* Plaintiffs have filed an opposition.

The three Actions are closely related and all arise from the same core factual allegations. While the Actions put slightly different legal labels on their claims, Plaintiffs' pleadings demonstrate that they primarily base all their claims in the Actions on allegations that Defendants allegedly misrepresented CSL's ABA accreditation status and bar passage rates, and concealed its accreditation status from CSL students.[1] Moreover, the parties in the Actions substantially overlap and the putative class periods differ only slightly.

---

[1] There also are at least twenty related state cases involving over 80 individual plaintiffs pending against Defendants and others in the North Carolina Business Court that arise from the same or similar allegations set forth in the operative complaints filed in the federal Actions. *See Herrera v. CSL*, Case No. 17 CVS 1965 (N.C. Super. Ct) (filed January 31, 2017).

Rule 42(a)(2) of the Federal Rules of Civil Procedure allows the Court to consolidate discovery in multiple cases involving a "common question of law or fact." "If that threshold requirement is met, then whether to grant the motion [to consolidate] becomes an issue of judicial discretion." *Pariseau v. Anodyne Healthcare Mgt., Inc.*, No. 3:04-CV-630, 2006 WL 325379, at *1 (W.D.N.C. Feb. 9, 2006). The factors the Court considers in determining whether to grant a motion to consolidate discovery are: (1) the relative burden on the parties and the witnesses; (2) the relative expenses in multiple suits versus a single suit; (3) judicial economy; and (4) the length of time required to proceed in multiple suits versus a single suit. *Id*. at *2; *A.B. v. Burke County Pub. Sch. Bd. Ed*., No. 1:13-CV-009, 2013 WL 1411243, at *2 (W.D.N.C. Apr. 8, 2013).

Courts should consolidate discovery in multiple cases where the cases involve overlapping parties, allegations, and/or claims. *See e.g*., Manual for Complex Litigation, Fourth, § 10.123, at 11 (where there are "two or more separate but related cases," "[p]retrial proceedings in these cases should be coordinated or consolidated under Federal Rule of Civil Procedure 42(a)"); *Burke Cty*., 2013 WL 1411243, at *2 (consolidating discovery where claims arose "out of the same set of facts"). It is hard to imagine a group of cases where consolidation of merits discovery would be more appropriate than the Actions herein. All of the Actions share substantially overlapping parties, facts, claims, and legal issues. Any alleged differences are negligible and are greatly outweighed by the efficiencies gained by consolidation. In the absence of consolidation, Defendants would be required to undertake virtually identical discovery in each of these related cases. Moreover, judicial economy strongly favors consolidating discovery, as the Court would otherwise be burdened with separately overseeing and managing three different discovery periods on three separate schedules. The Actions are in a similar procedural postures,

making consolidation easy and efficient to implement. Rather than cause delay, as the *Barchiesi* Plaintiffs suggest, the Court finds that consolidation would actually expedite discovery. Accordingly, all factors weigh in favor of consolidating these cases for merits discovery.

IT IS THEREFORE ORDERED that Defendants' Motion to Consolidate Merits Discovery is hereby GRANTED;

IT IS FURTHER ORDERED that within fourteen (14) days, counsel for the parties in the Actions are directed to conduct a consolidated IAC and within fourteen (14) days thereafter, counsel are directed to file their Certificate of IAC pursuant to LCvR 16.1(B); and

IT IS FURTHER ORDERED that the *Levy* Plaintiffs are directed to file their Amended Complaint, should they wish to do so, within fourteen (14) days from the date of entry of this Order.

Signed: October 13, 2017

Graham C. Mullen
United States District Judge