UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-00861-GCM

ROBERT C. BARCHIESI, and )
LEJLA HADZIC, Individually and )
in a representative capacity on behalf )
of a class of all persons similarly )
situated, )
 )
                    Plaintiffs, )
vs. )
 )
CHARLOTTE SCHOOL OF LAW, )
LLC and INFILAW )
CORPORATION, )
 )
                    Defendants.

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
SETTLEMENT AND PRELIMINARY SETTLEMENT CLASS CERTIFICATION**

On September 12, 2018, this Court heard the joint motion for preliminary approval of class settlement and preliminary settlement class certification under Rule 23 of the Federal Rules of Civil Procedure of Settling Plaintiffs Spencer Krebs, Morgan Switzer, Dave Wyatt, Krystal Horsley, Jacenta Marie Price, Markisha Dobson, Raissa Levy, James Villanueva, Shanna Rivera, and Andre McCoy, individually and in their representative capacity on behalf of all others similarly situated, and Leah Ash individually (collectively "Settling Plaintiffs"), and Defendants Charlotte School of Law, LLC ("CSL"), InfiLaw Corporation, InfiLaw Holding, Chidi Ogene, Jay Conison, and Don Lively ("Defendants").[1] This Court reviewed the motion, including the settlement agreement

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

("Settlement Agreement"). Based on this review and the findings below, the Court has found good cause to grant the motion.

**FINDINGS:**

1. The Settlement Agreement is the product of serious, informed, non-collusive negotiations and falls within the range of possible approval as fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23.

2. The Long-Form Notice, U.S. Mail Notice, Email Notice, and Claim Form (attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to object to the settlement.

3. The Class is so numerous that joinder of all Class Members is impracticable. *Id.*, R. 23(a)(1). While "[t]here is no mechanical test for determining whether in a particular case the requirement of numerosity has been satisfied," *Kelley v. Norfolk and W. Ry. Co.*, 584 F.2d 34, 35 (4th Cir. 1978), the Fourth Circuit has affirmed certification of a class involving 480 potential class members, finding that such a class "would easily satisfy the numerosity requirement." *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 183 (4th Cir. 1993). Here, the Settlement Class contains over two thousand members. Thus, the numerosity requirement is satisfied.

4. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. *See* Fed. R. Civ. P. 23(a)(2). "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather, the capacity of a classwide proceeding to

generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (citation omitted). A common question of law or fact exists if "class members 'have suffered the same injury.'" *Id.* (quoting *General Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). Here, the Representative Plaintiffs and all members of the Settlement Class contend that they suffered harm from Defendants' alleged misrepresentations about Charlotte School of Law ("CSL") (including CSL's accreditation, bar passage rates, and curriculum). Therefore, the commonality requirement is satisfied.

5. Plaintiffs' claims are typical of the Class's claims. *See* Fed. R. Civ. P. 23(a)(3). "The typicality and commonality requirements of the Federal Rules ensure that only those plaintiffs or defendants who can advance the same factual and legal arguments may be grouped together as a class." *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998) (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997)). Typicality does not require "that members of the class have identical factual and legal claims in all respects," *Broussard*, 155 F.3d at 344, but the claims of the Class Representatives must "arise[] from the same course of conduct that gives rise to the claims of the class members" and be "based on the same legal theories." *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 143 F.R.D. 628, 637 (D.S.C. 1992). Here, the claims of the Representative Plaintiffs and the Settlement Class arise from the same course of alleged conduct and the same legal theory—that Defendants misrepresented certain aspects of CSL (including CSL's accreditation, bar passage rates, and curriculum). Thus, the typicality requirement is satisfied.

6. Representative Plaintiffs and Class Counsel will fairly and adequately protect and represent the interests of the Settlement Class. *See* Fed. R. Civ. P. 23(a)(4). To meet this requirement, the Class Representatives must "vigorously prosecute the interests of the [settlement] class through qualified counsel" and have "common interests with unnamed members of the [settlement] class." *Olvera-Morales v. Int'l Labor Mgmt. Corp.*, 246 F.R.D. 250, 258 (M.D.N.C. 2007) (citation omitted). Here, the Representative Plaintiffs share common interests with members of the Settlement Class, as all attended CSL as students between September 1, 2013 and August 15, 2017, and Class Counsel is qualified to represent the interests of the Settlement Class. Therefore, adequacy of representation is satisfied.

7. Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

8. Upon review of the record, the Court is satisfied that the instant case satisfies the requirements for designation under Rule 23(b)(1)(B) as a limited fund case, in that: (1) the totals of the aggregated liquidated claims and the fund available for satisfying them, set definitely at their maximums, demonstrate the inadequacy of the fund to pay all claims; (2) the whole of the inadequate fund is to be devoted to the overwhelming claims; and (3) the claimants identified by a common theory of recovery are treated equitably among themselves.

9. Defendants will file a copy of the notice it gives by September 21, 2018 pursuant to 28 U.S.C. § 1715(b) and the notice will comply with the requirements of 28 U.S.C. § 1715(b).

**IT IS ORDERED THAT:**

1. **Settlement Approval.** The Settlement Agreement, including the Long Form Notice, U.S. Mail Notice, Email Notice, and Claim Form, attached to the Settlement Agreement as Exhibits B,C, D, and E, are preliminarily approved.

2. **Provision of Class Notice.** The Claims Administrator shall notify Class Members of the Settlement in the manner specified under Section 5.1 of the Settlement Agreement.

3. **Claim for a Settlement Payment.** Class Members who want to receive a Settlement Payment under the Settlement Agreement must accurately complete and deliver a Claim Form to the Claims Administrator no later than ninety (90) calendar days after entry of this Order.

4. **Objection to Settlement**. Class Members who want to object to the Settlement Agreement must file a written objection with the Clerk Of Court, U. S. District Court, Western District of North Carolina, 401 West Trade Street, Charlotte, North Carolina (zip code) no later than seventy-five (75) calendar days after entry of this Order. The objection must include: (a) the name and case number of the Consolidated Actions, to wit "*Barchiesi, et al., v. Charlotte School of Law LLC, et al.*, Civil Action No. 3:16-CV-00861-GCM; (b) the full name, address, telephone number, and email (if available) of the person objecting; (c) the words "Notice of Objection" or "Formal Objection"; (d) in clear and concise terms, the objection and legal and factual arguments supporting the objection; and (e) facts showing that the person objecting is a Class Member. The written objection must be signed and dated, and must include the following language immediately above the signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge." Any Class Member who files a written objection, as

described in this paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement. Class Members or their attorneys intending to make an appearance at the Fairness Hearing, however, must include on the timely and valid written objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who timely file written objections including Notices of Intention to Appear may speak at the Fairness Hearing. If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs. The objection will not be valid if it objects only to the lawsuit's appropriateness or merits.

5. **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

6. **Preliminary Certification for Settlement Purposes.** For purposes of settlement, the Class is preliminarily certified as: (1) any person who enrolled in, attended,

or paid tuition or fees to CSL between September 1, 2013 through and including and August 15, 2017; and (2) Leah Ash. Excluded from the Class are Defendants' Counsel, Defendants officers and directors, and the judge presiding over the Actions.

7. **Conditional Appointment of Class Representative.** For settlement purposes, plaintiffs Spencer Krebs, Morgan Switzer, Dave Wyatt, Krystal Horsley, Jacenta Marie Price, Markisha Dobson, Raissa Levy, James Villanueva, Shanna Rivera, and Andre McCoy are conditionally certified as the Class Representatives to implement the Parties' settlement in accordance with the Settlement Agreement.

8. **Conditional Appointment of Class Counsel.** For settlement purposes, the law firms of Abrams & Abrams, P.A., Bailey Javins & Carter, LC, Powell & Majestro, PLLC, Crumley Roberts, Bohrer Brady LLC, Rawls, Scheer, Foster, Mingo & Culp, PLLC, conditionally appointed as Settlement Class Counsel for settlement purposes. Plaintiffs and Class Counsel must fairly and adequately protect the Class's interests. The law firm of Powell & Majestro, PLLC is conditionally appointed as Settlement Class Communication Counsel to assist in facilitating communication between the Parties in accordance with the Settlement Agreement.

9. **Claims Administrator.** Rust Consulting, Inc. is appointed as the Claims Administrator and is charged with the responsibility of implementing the notice plan and claims process as set forth in the Settlement Agreement.

10. **Protection of Class Interests.** Representative Plaintiffs and Settlement Class Counsel must fairly and adequately protect the Class' interests.

11. **Termination.** If the Settlement Agreement terminates for any reason, the following will occur: (a) class certification for settlement purposes will be automatically

vacated; (b) Representative Plaintiffs will revert to their prior status as non-settlement Class representatives; (c) Settlement Class Counsel will stop functioning as Settlement Class Counsel, but will revert to their prior status as non-settlement Class counsel; and (d) the Consolidated Actions will revert to their previous status in all respects as they existed immediately before the Parties executed the Settlement Agreement. This Order will not waive or otherwise affect the Parties' rights or arguments regarding class certification or any trial of any claims.

12. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

13. **CAFA Notice.** The Court finds orders Defendants to comply with 28 U.S.C. § 1715(b).

14. **Fairness Hearing.** On January 9, 2019, at 11:00a.m., this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Based on the date of this Order and the date of the Fairness Hearing, the following are certain associated dates in this Settlement:

| Event | Timing | Date |
| --- | --- | --- |
| Last day for Defendants, via the Claims Administrator, to send Email Notice and U.S. Mail Notice, start operating Settlement Website | 30 calendar days after entry of this Order | October 12, 2018 |
| Last day for Plaintiffs to file fee petition | 14 calendar days before the deadline for Objections | November 13, 2018 |

| Event | Timing | Date |
|---|---|---|
| Last day for Class Members to file a Claim Form | 90 calendar days after entry of this Order | December 11, 2018 |
| Last day for Class Members to file a written Objection and Notice of Intent to Appear | 75 calendar days after entry of this Order | November 26, 2018 |
| Last day for parties to file briefs in support of the Final Order and Judgment | 5 calendar days before Fairness Hearing | January 4, 2019 |

This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, Defendants will not be required to provide any additional notice to Class Members.

Signed: September 12, 2018

Graham C. Mullen
United States District Judge