# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00861-GCM

ROBERT C. BARCHIESI, and LEJLA HADZIC, Individually and in a representative capacity on behalf of a class of all persons similarly situated,

Plaintiffs,

vs.

CHARLOTTE SCHOOL OF LAW, LLC and INFILAW CORPORATION,

Defendants.

ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

On January 9, 2018, this Court heard the motion for final approval of the class action settlement of Settling Plaintiffs Spencer Krebs, Morgan Switzer, Dave Wyatt, Krystal Horsley, Jacenta Marie Price, Markisha Dobson, Raissa Levy, James Villanueva, Shanna Rivera, and Andre McCoy, individually and in their representative capacity on behalf of all others similarly situated, and Leah Ash individually (collectively "Settling Plaintiffs"), and Defendants Charlotte School of Law, LLC ("CSL"), InfiLaw Corporation, InfiLaw Holding, Chidi Ogene, Jay Conison, and Don Lively ("Defendants").[1] This Court reviewed: (a) the motion and the supporting papers, including the Settlement Agreement; (b) any objections filed with or presented to the Court; (c) the parties' responses to any objections; and (d) counsels' arguments. Based on this review, the reasons stated in open court, and the findings below, the Court finds good cause to grant the motion.

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

1

**FINDINGS:**

1. For the reasons stated in the Order Granting Preliminary Approval of Class Settlement and Preliminary Class Certification, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed settlement Class, as defined below, meets all of the legal requirements for class certification for settlement purposes under Federal Rules of Civil Procedure 23(a) and 23(b)(1)(B).

2. Further, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves it. Among other matters considered, the Court took into account: (a) the complexity of Plaintiffs' theory of liability; (b) the arguments raised by Defendants in its pleadings that could potentially preclude or reduce the recovery by Class Members; (c) delays in any award to the Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Class; and (f) the recommendation of the Settlement Agreement by counsel for the Parties.

3. The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and Defendants' Counsel resulting in the Settlement Agreement. These negotiations were presided over by the experienced mediator Hunter Hughes.

4. The Settlement Agreement provides substantial and adequate value to the class in the form of Settlement Payments.

5. The Claims Administrator provided notice to Class Members in compliance with Section 5.1 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered or object to the proposed settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

6. The Parties adequately performed their obligations under the Settlement Agreement.

7. An incentive award to each Representative Plaintiff and Leah Ash of $500 is fair and reasonable in light of: (a) Settling Plaintiffs' risks (including financial, professional, and emotional) in commencing these Consolidated Actions; (b) the time and effort spent by Leah Ash and Representative Plaintiffs in litigating this action as the Class Representatives; and (c) Settling Plaintiffs' public interest service.

8. An award of 15% of the settlement in attorneys' fees plus $35,773.82 in costs to Settling Plaintiffs' Counsel is fair and reasonable in light of the nature of this case, Settling Plaintiffs' Counsel's experience, its efforts in prosecuting these Consolidated Actions, and the benefits obtained for the Class and Leah Ash.

**IT IS ORDERED THAT:**

1. **Class Members.** The Class Members are defined as: any person who enrolled in, attended, or paid tuition or fees to CSL between September 1, 2013 and August

15, 2017. Excluded from the Class are Defendants' Counsel, Defendants' officers and directors, and the Judge presiding over the Consolidated Actions.

2. **Binding Effect of Order.** This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members.

3. **Dismissal with Prejudice.** Upon the Final Settlement Date, the Consolidated Actions are dismissed with prejudice, without costs to either Plaintiffs or Defendants.

4. **Release and Covenant Not To Sue.** Upon the Final Settlement Date, Plaintiffs and all Class Members: (1) are deemed to and shall have released, discharged, and covenanted not to sue Released Defendant Parties from all claims arising out of or asserted in the Consolidated Actions and claims released or covenanted not to be asserted under the Settlement Agreement in accordance with Sections 7.3 and 7.4 of the Settlement Agreement; and (2) are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims in any forum; all subject to the provisions of Section 7.7 of the Settlement Agreement. Upon the Final Settlement Date, Defendants: (1) are deemed to and shall have released, discharged, and covenanted not to sue Released Plaintiff Parties from all claims arising out of or asserted in the Consolidated Actions and claims released or covenanted not to be asserted under the Settlement Agreement in accordance with Sections 7.5 and 7.6 of the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims in any forum; all subject to the provisions of Section 7.7 of the Settlement Agreement. The full terms of the releases and covenants not to sue described

in this paragraph are set forth in Sections 7.3, 7.4, 7.5, 7.6, and 7.7 of the Settlement Agreement and are specifically incorporated herein by this reference.

5. **Injunction of State Court Actions.** All State Actions in North Carolina Courts against any of the Released Defendant Parties by any State Plaintiff or any Class Member are hereby enjoined.

6. **Injunction of Other Actions.** Any other action filed or to be filed in any forum by any of the Releasing Plaintiff Parties against any of the Released Defendant Parties is hereby enjoined to the extent it is based upon the same operative facts as the Consolidated Actions or comes within the ambit of the releases or covenants not to sue contained in Sections 7.3, 7.4, 7.5, and 7.6 of the Settlement Agreement; subject to the provisions of Section 7.7 of the Settlement Agreement. For the avoidance of doubt, this Order does not enjoin claims against any Sterling Entity, as defined in the Settlement Agreement.

7. **Class Relief.** Defendants, through the Claims Administrator, will issue a Settlement Payment to each Class Member who submitted a valid and timely Claim Form and is approved by the Claims Administrator (*i.e.*, each Authorized Claimant) pursuant to procedures and in the amount to be calculated in the Settlement Agreement Section 10.2 and under the timeline stated in Section 10.2 of the Settlement Agreement.

8. **Attorneys' Fees and Costs.** Settling Plaintiffs' Counsel are awarded 15% of the settlement in attorneys' fees plus $35,773.82 in costs. The Claims Administrator shall make such payment from the Settlement Fund pursuant to the timeline stated in Section 3.4 of the Settlement Agreement.

9. **Representative Plaintiffs.** Representative Plaintiffs and Leah Ash are each awarded $500 as incentive awards. The Claims Administrator shall make such payments from the Settlement Fund pursuant to the timeline stated in Section 3.3 of the Settlement Agreement.

10. **Court's Jurisdiction.** Pursuant to the Parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.

Signed: January 16, 2019

Graham C. Mullen
United States District Judge