UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-00861-GCM

| | |
|---|---|
| ROBERT C. BARCHIESI, and LEJLA HADZIC, Individually and in a representative capacity on behalf of a class of all persons similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>CHARLOTTE SCHOOL OF LAW, LLC and INFILAW CORPORATION,<br><br>Defendants. | FINAL JUDGMENT |

The Court hereby issues its Final Judgment disposing of all claims based upon the Settlement Agreement entered between Plaintiffs Spencer Krebs, Morgan Switzer, Dave Wyatt, Krystal Horsley, Jacenta Marie Price, Markisha Dobson, Raissa Levy, James Villanueva, Shanna Rivera, and Andre McCoy, individually and in their representative capacity on behalf of all others similarly situated ("Representative Plaintiffs"), and Leah Ash individually (collectively "Settling Plaintiffs") and Defendants Charlotte School of Law, LLC ("CSL"), InfiLaw Corporation, InfiLaw Holding, Chidi Ogene, Jay Conison, and Don Lively ("Defendants") and the Court's Order Granting Final Approval of Class Settlement.[1]

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

1

**IT IS ORDERED AND ADJUDGED THAT**:

1. The Court hereby grants final certification for purposes of settlement of a Class defined as: any person who enrolled in, attended, or paid tuition or fees to CSL between September 1, 2013 and August 15, 2017. Excluded from the Class are Defendants' Counsel, Defendants' officers and directors, and the judge presiding over the Consolidated Actions.

2. All persons who satisfy the class definition above are "Class Members."

3. The Court hereby finds that the Claims Administrator properly provided notice of the Settlement Agreement and Release ("Settlement Agreement") to Class Members by email and postal mail in compliance with Section 5.1 of the Settlement Agreement, Federal Rule of Civil Procedure 23, and due process.

4. Each Representative Plaintiff and Leah Ash is awarded $500 as an incentive award.

5. To each Class Member who submitted a timely and valid Claim Form, Defendants (through the Claims Administrator) shall issue the Settlement Payment by check in an amount to be determined based on the Settlement Agreement, Claim Form, and supporting documentation. The checks constituting Settlement Payment shall be negotiable for 90 calendar days.

6. **Settling Plaintiffs and Class Members' Release.** Effective upon the Final Settlement Date, Settling Plaintiffs and each Class Member, and each of their respective successors, assigns, legatees, heirs, and personal representatives ("Releasing Plaintiff Parties"), release (i) CSL, InfiLaw Corporation, InfiLaw Holding, Chidi Ogene, Jay Conison, and Don Lively, and each of their past and present parents, subsidiaries, affiliates, and (ii) all of the foregoing's (*i.e.*, CSL, InfiLaw Corporation, InfiLaw Holding, Chidi Ogene, Jay Conison, and Don Lively, and each of their past and present parents, subsidiaries, affiliates) past or present

officers, directors, members, trustees, shareholders, employees, agents, principals, heirs, representatives, agents, accountants, auditors, consultants, attorneys, fiduciaries, insurers and reinsurers in their capacity as insurers or reinsurers of the entities released herein, successors, successors-in interest, predecessors, and predecessors in interest, respective successors, assigns, legatees, and personal representatives (collectively (i) and (ii) "Released Defendant Parties"), from all manner of action, causes of action, claims, demands, rights, suits, obligations, contracts, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, asserted or unasserted, in law or equity, fixed or contingent from the beginning of time to the end of time, that constitute, are based on, relate to, or arise out of: (i) any of the acts, omissions, or other conduct that have or could have been alleged in the Consolidated Actions or alleged in the Consolidated Complaint; or (ii) the enrollment in, attendance at, or the payment of any tuition or fees by any Plaintiff or Class Member to CSL ("Released Plaintiff Claims").

7. **Settling Plaintiffs and Class Members' Covenant Not To Sue.** Effective upon the Final Settlement Date, Settling Plaintiffs and the Releasing Plaintiff Parties shall not commence or maintain any action, cause of action, suit, controversy, claim, grievance, or arbitration, or make any demands whatsoever, at law or in equity, by contract (express or implied), tort, or pursuant to statute or otherwise from the beginning of time to the end of time, that constitute, are based on, relate to, or arise out of any Released Plaintiff Claims.

8. **Defendants' Release.** Effective upon the Final Settlement Date, Defendants, on behalf of themselves and their past and present parents, subsidiaries, affiliates, and each of their

respective successors, assigns, legatees, and personal representatives ("Releasing Defendant Parties") shall have released Settling Plaintiffs, Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives ("Released Plaintiff Parties"), from all manner of action, causes of action, claims, demands, rights, suits, obligations, contracts, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, asserted or unasserted, in law or equity, fixed or contingent from the beginning of time to the end of time, that constitute, are based on, relate to, or arise out of: (i) any of the acts, omissions, or other conduct that have or could have been alleged in the Consolidated Actions or alleged in the Consolidated Complaint; or (ii) the enrollment in, attendance at, or the payment of any tuition or fees by any Plaintiff or Class Member to CSL ("*Released Defendant Claims*").

9. **Defendants' Covenant Not To Sue.** Effective upon the Final Settlement Date, Defendants, on behalf of themselves and the Releasing Defendant Parties, shall not commence or maintain any action, cause of action, suit, controversy, claim, grievance, or arbitration, or make any demands whatsoever, at law or in equity, by contract (express or implied), tort, or pursuant to statute or otherwise from the beginning of time to the end of time, that constitute, are based on, relate to, or arise out of any Released Defendant Claims.

10. **Non-Released Matters.** Notwithstanding anything contained in this Judgment, nothing herein is intended to or shall:

**(a)** Release entity from any obligation under the Settlement Agreement;

**(b)** Release Sterling Capital Partners, L.P., Sterling Capital Partners GMBH & Co. KG, or any other Sterling fund that has a direct ownership interest in and direct operational control over CSL, and any member or officer of the foregoing acting on behalf of the foregoing with respect to CSL ("Sterling Entity"). For the avoidance of doubt, the term "Sterling Entity" does not include Rick Inatome;

**(c)** Be effective to release any claims by Plaintiffs or the Class Members against CSL to the extent, and only to the extent, that the release of CSL would negatively affect in a material way the Plaintiffs' or Class Members' ability to seek discharge of student loans, whether through Closed School Discharge, Borrower's Defense to Repayment, or any other similar program provided by the United States Department of Education, but the covenant not to sue CSL shall nonetheless be fully effective; further provided that the Plaintiffs' and class members claims against CSL shall be assignable by Plaintiffs and Class Members only to the U.S. Department of Education, and solely for purpose of meeting any requirements of the Closed School Discharge, Borrower's Defense to Repayment, or any other similar program provided by the United States Department of Education. Any other assignment shall be null and void;

**(d)** Extinguish or impair any Released Defendant Party's rights or ability to oppose or defend against any claim against any Released Defendant asserted by the United States Department of Education or other government entity to proceed against such Released Defendant Party to recover damages or recoup funds under the Closed

School Discharge, Borrower's Defense to Repayment, or any other similar program.

11. As to these Released Plaintiff Claims, the Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

12. **Injunction of State Court Actions.** All State Actions in North Carolina Courts against any of the Released Defendant Parties by any State Plaintiff or any Class Member are hereby enjoined.

13. **Injunction of Other Actions.** Any other action filed or to be filed in any forum by any of the Releasing Plaintiff Parties against any of the Released Defendant Parties is hereby enjoined to the extent it is based upon the same operative facts as the Consolidated Actions or comes within the ambit of the releases or covenant not to sue contained herein. For the avoidance of doubt, this Order does not enjoin claims against any Sterling Entity, as defined in paragraph 10(b) above.

14. All Class Members are bound by this Final Judgment, by the Order Granting Final Approval of Class Settlement, and by the terms of the Settlement Agreement.

NOW, THEREFORE, the Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment, pursuant to Federal Rule of Civil Procedure 58, forthwith.

Signed: January 16, 2019

Graham C. Mullen
United States District Judge